U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 19 2019

CLERK, U.S. DISTRICT COURT
By_____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOEY KEMP, | § | |
| Movant, | § | |
| VS. | § | NO. 4:18-CV-991-A |
| UNITED STATES OF AMERICA, | § | (NO. 4:17-CR-167-A) |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Joey Kemp ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, the government's response, the reply, and pertinent parts of the record in Case No. 4:17-CR-167-A, styled "United States of America v. Joey Kemp," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On September 20, 2017, movant was named in a one-count information charging him with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR

Doc.[1] 34. On November 4, 2017, movant appeared for arraignment before the court and waived the return of an indictment. CR Doc. 38; CR Doc. 39. Movant entered a plea of guilty to the offense charged without benefit of a plea agreement. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 41. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 68.

The probation officer prepared a PSR, which reflected that movant's base offense level was 32. CR Doc. 44, ¶ 26. Movant

---

[1] The "CR Doc. __" reference is to the number of the item on the docket of the underlying criminal case.

received a two-level increase for possession of a dangerous weapon, id. ¶ 27, and a two-level increase for importation of methamphetamine, id. ¶ 28. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 34, 35. Based on his total offense level of 33 and criminal history category of VI, the guideline imprisonment range was 235-293 months. Id. ¶ 107. However, the statutorily authorized maximum sentence was 20 years; hence the guideline range became 235-240 months. Id. Movant filed objections to the PSR. CR Doc. 59. The probation officer prepared an addendum to the PSR, accepting in part movant's objections and recalculating the total offense level as 29, which resulted in a guideline imprisonment range of 151-188 months. CR Doc. 50.

On February 16, 2018, the court sentenced movant to a term of imprisonment of 130 months, granting a motion for downward departure. CR Doc. 57; CR Doc. 58; CR Doc. 69. Movant did not appeal.

II.

Grounds of the Motion

Movant urges four grounds in support of his motion. In his first ground, he alleges that his counsel was ineffective for

3

failing to object to the firearm enhancement. Doc.[2] 1 at PageID[3] 4. In his second ground, movant asserts that he was deprived of his due process rights based on sentencing enhancements. Id. at PageID 5. In his third ground, he alleges that "sentencing manipulation" occurred. Id. at PageID 6. And, in his fourth ground, movant says that his sentence was "sanctioned in violation of law." Id. at PageID 8. Although the second, third, and fourth grounds are strangely worded, all of movant's grounds are based on alleged ineffective assistance of counsel for failing to object to the gun enhancement.

III.

Standards of Review

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system.

4

the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Movant maintains that "there was absolutely no firearm at any time." Doc. 1 at PageID 4. He says his attorney would not object to the PSR on that basis, advising movant that there were other more substantial errors to address. Id. And, in fact, the objections made resulted in a significant reduction in movant's guideline range. CR Doc. 50. In addition, the court granted a downward departure. CR Doc. 57; CR Doc. 58; CR Doc. 69. Had movant chosen to argue about possession of a firearm, the outcome could have been significantly different and not favorable to him.

The PSR recounted several instances of movant possessing a firearm in connection with his drug activities.[4] In 2013 and 2014, a person who provided drugs to movant and obtained drugs from him saw movant in possession of a firearm.[5] CR Doc. 44 ¶ 9. In April 2014, movant pleaded guilty to possessing a stolen firearm. Id. ¶¶ 11-15, 54. In 2015 or 2016, movant and his wife transported a kilogram of methamphetamine to Arkansas while in possession of a firearm. Id. ¶ 18. And, on the same trip, movant

---

[4]The PSR also reflected that movant had pleaded guilty in 2006 to unlawful carrying of a firearm. CR Doc. 44 ¶ 45. In 2003, while being arrested, movant admitted to driving a vehicle containing a firearm. Id. ¶ 58.

[5]One could reasonably infer that movant was observed on more than one occasion to have a firearm. CR Doc. 44 ¶ 9.

broke the lock on a storage building and retrieved at least 4 ounces of methamphetamine and a handgun. Id. Even though the addendum to the PSR clarified that movant's drug trafficking activity in 2013 and 2014 was not relevant conduct to the offense in the underlying criminal case, the fact that movant possessed a firearm on earlier occasions shows that movant routinely used a firearm in his drug trafficking activities. And, his possession of at least two firearms in 2015 or 2016, when he was trafficking drugs with his wife, is relevant conduct to the offense of conviction. Any objection to the two-level enhancement would have been frivolous and movant likely would have lost the reduction for acceptance of responsibility.

The failure of the government to cite a string of cases similar to his does not alter the court's analysis, as movant contends should be the case. Doc. 12 PageID 48-49. Movant's contention that the enhancement was based solely on the testimony of one witness, who was unreliable, is not supported by the record. Id. at PageID 49-50.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

8

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED February 19, 2019.

_____
JOHN McBRYDE
United States District Judge